1  DONOVAN & DONOVAN
   Casey Donovan, Esq.
2  California State Bar Number: 182442
   The Senator Building
3  105 West F. Street
   San Diego, California  92101
4  Telephone:  (619) 696-8989

5  Attorney for Defendant Blaine

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10                **(HON. ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08-CR 1812-BEN |
| Plaintiff, ) | Date: July 21, 2008 |
| ) | Time:  2:00 P.M. |
| v. ) | |
| ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| SERGIO DOMINEK BLAINE , ) | 1) COMPEL DISCOVERY; |
| Defendant. ) | 2) SUPPRESS STATEMENTS |
| ) | 3) NOTICE OF 404(B); |
| ) | 4) ALLOW ATTORNEY CONDUCTED *VOIR DIRE*; |
| ) | 5) LEAVE TO FILE FURTHER MOTIONS |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
      CARLOS ARGUELLO, ASSISTANT UNITED STATES ATTORNEY:

   **PLEASE TAKE NOTICE** that on Monday, July 21, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant Sergio Dominek Blaine [Blaine], by and through his attorney Casey Donovan, will ask this Court to issue an order granting the motions listed below.

## MOTIONS

The defendant, Sergio Dominek Blaine, by and through his attorney, Casey Donovan, asks this Court pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution, Federal Rules of Criminal Procedure 12, 16, 26.2, and all other applicable statutes and local rules for an order to:

1. Compel discovery;
2. Suppress statements;
3. Notice of 404(b);
4. Allow attorney conducted *voir dire*; and
5. Leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Dated: July 7, 2008                              Respectfully submitted,

                                                 S/ Casey Donovan
                                                 _____
                                                 **CASEY DONOVAN**
                                                 Attorney for Defendant Blaine

sergiodominekblaine-d-nm

```
 1  DONOVAN & DONOVAN
    Casey Donovan, Esq.
 2  California State Bar Number 182442
    The Senator Building
 3  105 West F. Street
    San Diego, California  92101
 4  Telephone:  (619) 696-8989

 5  Attorney for Defendant Blaine
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HON. ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR 1812-BEN |
| Plaintiff, | Date: July 21, 2008 |
| v. | Time: 2:00 P.M. |
| SERGIO DOMINEK BLAINE, | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government.  The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

Mr. Sergio Dominek Blaine was arrested on April 21, 2008, as he attempted to enter the United States at the East Port of Entry, Calexico, California, at approximately 9:04 p.m. He was the driver of a 1990 Infinity Q45 bearing California license plate 2TPT610. The vehicle was sent to secondary inspection. At secondary a Narcotic Detector Dog gave a positive alert to

1  rear seat of the vehicle. CBPO Cavavos then conducted an inspection and recovered numerous
2  packages from a special built compartment. The search resulted in the discovery of thirty-three
3  [33] packages containing approximately 47.30 kilograms of a substance that field tested positive
4  for the presence of marijuana. The government's discovery also indicates that Mr. Blaine when
5  initially questioned at primary stated he had nothing to declare. The discovery indicates he was
6  given his <u>Miranda</u> warnings, acknowledged his rights and agreed to waive them, and was
7  interrogated by the federal agents He denied knowledge of the marijuana in the vehicle.
8      The case is presently before the court as a two count indictment, charging
9  importation in count one and possession with intent to distribute in count two.

## II.

## MOTION TO COMPEL DISCOVERY

12      Mr. Blaine moves for the production by the government of the following discovery. This
13  request is not limited to those items that the prosecutor knows of, but rather includes all discovery
14  listed below that is in the custody, control, care, or knowledge of any "closely related investigative
15  [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989):

16  **A.**   <u>Mr. Blaine is Entitled to Discovery of His Statements</u>.

17      Pursuant to Rule 16(a)(1)(A), <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and the Fifth and
18  Sixth Amendments to the United States Constitution, Mr. Blaine requests disclosure of any
19  statements, whether oral, written, or recorded made by him which are in the possession, custody,
20  or control of the government, or which by the exercise of due diligence may become known to the
21  government, regardless of to whom made. This includes copies of any written or recorded
22  statements he made; the substance of any statements made by Mr. Blaine which the government
23  intends to offer in evidence at trial. Mr. Blaine also specifically requests that all arrest reports
24  which relate to the circumstances surrounding his arrest or any questioning, if such reports have
25  not already been produced in their entirety, be turned over to him. This request includes, but is
26  not limited to, any rough notes, records, recordings (audio or visual), reports, transcripts or other
27  documents in which statements of Mr. Blaine are contained. It also includes the substance of any
28  oral statements which the government intends to introduce at trial, and any written summaries of

1   the defendant's oral statements contained in the handwritten notes of the government agent.  This
2   is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).
3   See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d
4   798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United
5   States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968).  Mr. Blaine also requests any
6   response to any Miranda warnings which may have been given to him, on the date of his arrest.
7   See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982).  This request includes all statements
8   made by Mr. Blaine to state officials as well or any individuals whom are cross-designated.

**B.**   Prior Convictions or Prior Similar Acts.

Rule 16(a)(1)(B) of the Fed. R. Crim. P., provides that "upon request of the defendant, the government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government . . . ."  Mr. Blaine, therefore, requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

Mr. Blaine also requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b).  Mr. Blaine must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial.  See United States v. Cook, 608 F.2d 1175 (9th Cir. 1979), cert. denied, 444 U.S. 1034 (1980).

Mr. Blaine requests a pre-trial conference on the morning of trial in order to resolve any issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

**C.**   Mr. Blaine is Entitled to Examine the Evidence the Government Intends to Rely Upon at Trial.

Rule 16(a)(1)(C) authorizes a defendant to inspect and copy or photograph all books, papers, documents, photographs, and tangible objects which are in the possession, custody or

control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in it case during trial.

(1) Specifically, Mr. Blaine requests the opportunity to inspect and photograph all evidence seized from Mr. Blaine, all fingerprint analysis done on any of the evidence in this case, all identification procedures utilized by the government agents; and that the alleged marijuana seized in this case be preserved so that it may be inspected, as well as the containers in which it was secreted, and not be destroyed by the government.

(2) The defense requests all evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C); and any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-in-chief at trial;

(3) Mr. Blaine requests all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Blaine. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I). Mr. Blaine specifically requests that all dispatch tapes or any other audio or visual tape recordings which exist and which relate in any way to his case and or his arrest be preserved and provided in their entirety; and

(4) Mr. Blaine requests all other documents and tangible objects, including clothing, notes, books, papers, documents, photographs, and copies of any such items which were obtained from or belong to Mr. Blaine.

(5) The defense requests all photographs, video tapes or other material used to memorialize the surveillance done in this case.

**D.**   Mr. Blaine is Entitled To All Evidence Tending To Affect The Credibility of The Prosecution's Case.

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972), Mr. Blaine requests the Court to order the government to immediately disclose all evidence in its possession favorable to Mr. Blaine on the issue of guilt and which tends to affect the credibility of the prosecution's case. This request

specifically includes any impeaching evidence such as the prior records, of any material witnesses in this case. This request also includes any expressed or implied promises made by the government to any material witnesses in exchange for their testimony in this case. See, e.g., United States v. Bagley, 473 U.S. 667 (1985); Napue v. Illinois, 360 U.S. 264 (1959); United States v. Gerard, 491 F.2d 1300 (9th Cir. 1974).

The defense requests any and all evidence including but not limited to:

(1) any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir.), cert. denied, 489 U.S. 1032 (1988); United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir. 1992) (Ninth Circuit Court reversed Judge Enright for failure to turn over the "Levine Memorandum" which contained information critical about a government witness);

(2) any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady; any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

(3) any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(4) the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses).

(5) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government

witness.  United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

    (6)  the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

**E.**    Mr. Blaine is Entitled to Any Information That May Result in a Lower Sentence Under The Guidelines.

    This information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

**F.**    The Defense Requests the Preservation of All Evidence.

    The defendant specifically requests that all audio or video tapes such as dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case or in the other charges alleged in the indictment be preserved.  This request includes, but is not limited to, any samples (including but not limited to blood, urine, fingerprints or narcotics) used to run any scientific tests, any narcotics, and any evidence seized from any third party.

    It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence;

**G.**   The Defense Requests All Jencks Material.

The defense requests all material to which Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings, such as dispatch tapes, and all notes or reports with regard to his preparation for testifying. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act;

**H.**   Mr. Blaine requests all other information relevant to his defense.

The defendant requests disclosure of evidence including but not limited to the following:

(1) Any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(2) Notice and a Written Summary of Any Expert Testimony.

Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications."

Mr. Blaine specifically requests the government give him a written summary and notice of any expert testimony the government intends to introduce;

(3) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises express or implied made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses; and

1   (4) <u>Henthorn Search</u>.  The defense requests that the prosecutor or some other attorney
2 familiar with the case be ordered to examine the personnel files for evidence of perjurious conduct
3 or other like dishonesty, or any other material relevant to impeachment, or any information that is
4 exculpatory to Mr. Blaine and that material be provided to the defense.  <u>United States v.</u>
5 <u>Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir.
6 1992).

7   (5) Reports of Scientific Tests or Examinations
8   Pursuant to Fed. R. Crim. P. 16(D), Mr. Blaine requests the reports of all tests and
9 examinations conducted upon the evidence in this case, including but not limited to any
10 **fingerprint testing** done upon any evidence seized in this case;

11   (6) <u>Brady Material</u>
12   The defendant requests all documents, statements, agents' reports, and tangible evidence
13 favorable to the defendant on the issue of guilt and/or **which affects the credibility** of the
14 government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition
15 of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States</u>
16 <u>v. Agurs</u>, 427 U.S. 97 (1976);

18   (7)   <u>Personnel Records of Government Officers Involved in the Arrest</u>
19   The defendant requests all citizen complaints and other related internal affairs documents
20 involving any of the immigration officers or other law enforcement officers who were involved in
21 the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11
22 Cal.3d 531, 539 (1974).  Because of the sensitive nature of these documents, the government is
23 the only source for obtaining these documents.

# III.

## ANY STATEMENTS MADE BY MR. BLAINE SHOULD BE SUPPRESSED

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of her freedom of action in any significant way. Id. See Orozco v. Texas, 394 U.S. 324, 327 (1969).

Once a person is in custody, Miranda warnings must be given prior to any interrogation. Mr. Blaine was arrested at the East Port of Entry at Calexico, California. It is undisputed by the parties that Mr. Blaine was in custody at that point in time. Therefore, he should have received his Miranda rights prior to any questioning not related to his biographical information. The discovery appears to contain statements made by Blaine prior to his being given his Miranda warnings, and these statements should be suppressed.

As to the statements made after the Miranda right had allegedly been given, a hearing must be held to determine if even those statements were voluntary. A waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily in order to be effective. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The standard of proof for a waiver of this constitutional right is high. Miranda, 384 U.S. at 475. See United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background experience, and conduct of the accused. Edwards v. Arizona, 451 U.S. 477, 472 (1981) Johnson v. Zerbst, 304 U.S. 458, 464 (1938). See also United States v. Heldt, 745 F.2d at 1277; United States v. McCrary, 643 F.2d 323, 328-29 (5th Cir. 1981).

1    The government in the present case has the burden of proving that Mr. Blaine was read his
2 Miranda rights and intelligently and voluntarily waived those rights in all situations in which Mr.
3 Blaine reasonably believed that he was not free to leave. See United States v. Estrada-Lucas, 651
4 F.2d 1261, 1265 (9th Cir. 1980).

5    Even when the procedural safeguards of Miranda have been satisfied, a defendant in a
6 criminal case is deprived of due process of law if his conviction is founded, in whole or in part,
7 upon an involuntary confession. Jackson v. Denno, 378 U.S. 368, 387 (1964). The government
8 bears the burden of proving that a confession is voluntary by a preponderance of the evidence.
9 Lego v. Twomey, 404 U.S. 477, 483 (1972).

10   A statement must be the product of a rational intellect and free will to be voluntary.
11 Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was
12 overborne, the totality of the circumstances must be considered. Schneckloth v. Bustamonte, 412
13 U.S. 218, 226 (1973). A confession is deemed involuntary whether coerced by physical
14 intimidation of psychological pressure. Townsend v. Sain, 372 U.S. 293, 307 (1963). It must not
15 be extracted by any sort of threats of violence, nor obtained by any direct or implied promises,
16 however slight, nor by the exertion of any improper influence. United States v. Tingle, 658 F.2d
17 1332, 1335 (9th Cir. 1981).

18   The government has stated that Mr. Blaine, waived his right to silence and counsel when
19 given the Miranda warnings shortly after midnight on the morning of April 26, 2008. The initial
20 discovery states that the defendant Blaine was stopped approximately 9:04 p.m., although he was
21 not given his Miranda warnings until 0:44 a.m. Mr. Blaine requests an evidentiary hearing due to
22 the fact that the burden rests with the government to show that any statements were voluntarily
23 extracted from Mr. Blaine.

## IV.

## THE GOVERNMENT MUST GIVE NOTICE OF THE GENERAL NATURE OF ANY EVIDENCE IT WILL ATTEMPT TO OFFER UNDER FED. R. EVID. 404(b)

Under the amendments to Fed. R. Evid. 404(b), which became effective December 1, 1991, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

## V.

## MR. BLAINE SHOULD BE GIVEN ATTORNEY CONDUCTED VOIR DIRE

Under Fed. R. Crim. P. Rule 24(a), "the court may permit the defendant or the defendant's attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination . . . ."

This case involves the importation and distribution of marijuana from Mexico into the United States. It is the experience of counsel for Mr. Blaine that prospective jurors in the Southern District of California have often had strong reaction to individuals charged with narcotic offenses. Further, it is apparent from the media that importation of narcotics along the border is a very important national and local concern at this time.

## VI.

## MR. BLAINE REQUESTS LEAVE TO FILE FURTHER MOTIONS

At the time of preparation of these motions, Mr. Blaine and defense counsel has received some forty-eight (48) pages of discovery from the government. It is therefore requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the court grant the above motions.

DATED: July 7, 2008            Respectfully submitted,


S/ Casey Donovan
**CASEY DONOVAN**
Attorney for Defendant Blaine

blaine-m-dmn

| | |
|---|---|
| DONOVAN & DONOVAN<br>Casey Donovan<br>Attorney at Law<br>The Senator Building<br>105 West F. Street - 4th floor<br>San Diego, CA 92101 | U.S.D.C. No.08-CR-1812(BEN) |

## DECLARATION OF SERVICE

I, undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which county the within mentioned delivery occurred, and not a party to the subject cause. My business address is 105 West F. Street, San Diego, California. I served the Defendant's Notice of Motion for Discovery, Suppression of Statements,Voir Dire , and Memorandum of Points and Authorities, of which a true and correct copy of the documents filed in this cause is affixed, by electronic filing to:

Carlos Arguello, Assistant U.S. Attorney
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92188

The electronic filing was done by me at San Diego, California, on July 7, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 7, 2008 at San Diego, California.

s/ Casey Donovan
_____
Casey Donovan

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28