1  DONOVAN & DONOVAN
   Casey Donovan, Esq.
2  California State Bar Number 182442
   The Senator Building
3  105 West F. Street
   San Diego, California  92101
4  Telephone:  (619) 696-8989

5  Attorney for Defendant Blaine

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11                    **(HON. ROGER T. BENITEZ)**

12  UNITED STATES OF AMERICA,          )    Case No. 08-CR 1812-BEN
                                       )
13          Plaintiff,                 )    Date: July 21, 2008
                                       )    Time:  2:00 P.M.
14  v.                                 )
                                       )    STATEMENT OF FACTS AND
15  SERGIO DOMINEK BLAINE,             )    MEMORANDUM OF POINTS
                                       )    AND AUTHORITIES IN
16          Defendant.                 )    SUPPORT OF DEFENDANT'S
                                       )    MOTIONS
17  _____     )

18

19

20                              **I.**

21                    **STATEMENT OF FACTS**

22          The following statement of facts is based, in part, on materials received from the

23  government.  The facts alleged in these motions are subject to amplification and/or modification

24  at the time these motions are heard.

25          Mr. Sergio Dominek Blaine was arrested on April 21, 2008,  as he attempted  to

26  enter the United States at the East Port of Entry, Calexico, California, at approximately 9:04 p.m.

27  He was the driver of a 1990 Infinity Q45 bearing California license plate 2TPT610. The vehicle

28  was sent to secondary inspection. At secondary a Narcotic Detector Dog gave a positive alert to

                                    1                    08-CR 1812-BEN

1   rear seat of the vehicle. CBPO Cavavos then conducted an inspection and recovered numerous

2   packages from a special built compartment. The search resulted in the discovery of thirty-three

3   [33] packages containing approximately 47.30 kilograms of a substance that field tested positive

4   for the presence of marijuana. The government's discovery also indicates that Mr. Blaine when

5   initially questioned at primary stated he had nothing to declare. The discovery indicates he was

6   given his <u>Miranda</u> warnings, acknowledged his rights and agreed to waive them, and was

7   interrogated by the federal agents He denied knowledge of the marijuana in the vehicle.

8          The case is presently before the court as a two count indictment, charging

9   importation in count one and possession with intent to distribute in count two.

10                                      **II.**

11                    <u>**MOTION TO COMPEL DISCOVERY**</u>

12          Mr. Blaine moves for the production by the government of the following discovery. This

13   request is not limited to those items that the prosecutor knows of, but rather includes all discovery

14   listed below that is in the custody, control, care, or knowledge of any "closely related investigative

15   [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989):

16   **A.**    <u>Mr. Blaine is Entitled to Discovery of His Statements</u>.

17          Pursuant to Rule 16(a)(1)(A), <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and the Fifth and

18   Sixth Amendments to the United States Constitution, Mr. Blaine requests disclosure of any

19   statements, whether oral, written, or recorded made by him which are in the possession, custody,

20   or control of the government, or which by the exercise of due diligence may become known to the

21   government, regardless of to whom made. This includes copies of any written or recorded

22   statements he made; the substance of any statements made by Mr. Blaine which the government

23   intends to offer in evidence at trial. Mr. Blaine also specifically requests that all arrest reports

24   which relate to the circumstances surrounding his arrest or any questioning, if such reports have

25   not already been produced in their entirety, be turned over to him. This request includes, but is

26   not limited to, any rough notes, records, recordings (audio or visual), reports, transcripts or other

27   documents in which statements of Mr. Blaine are contained. It also includes the substance of any

28   oral statements which the government intends to introduce at trial, and any written summaries of

1   the defendant's oral statements contained in the handwritten notes of the government agent.  This

2   is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

3   <u>See also</u> <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975); <u>United States v. Lewis</u>, 511 F.2d

4   798 (D.C. Cir. 1975); <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967); <u>Loux v. United</u>

5   <u>States</u>, 389 F.2d 911 (9th Cir.), <u>cert. denied</u>, 393 U.S. 867 (1968).  Mr. Blaine also requests any

6   response to any <u>Miranda</u> warnings which may have been given to him, on the date of his arrest.

7   <u>See</u> <u>United States v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982).  This request includes all statements

8   made by Mr. Blaine to state officials as well or any individuals whom are cross-designated.

9   **B.**    <u>Prior Convictions or Prior Similar Acts</u>.

10          Rule 16(a)(1)(B) of the Fed. R. Crim. P., provides that "upon request of the defendant, the

11  government shall furnish to the defendant such copy of his prior criminal record, if any, as is

12  within the possession, custody, or control of the government . . . ."  Mr. Blaine, therefore, requests

13  all evidence, documents, records of judgments and convictions, photographs and tangible

14  evidence, and information pertaining to any prior arrests and convictions or prior bad acts.

15  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of prior

16  similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

17          Mr. Blaine also requests the government be ordered to provide discovery of any prior

18  similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid.

19  404(b).  Mr. Blaine must have access to this information in order to make appropriate motions to

20  exclude the use of such evidence at trial.  <u>See</u> <u>United States v. Cook</u>, 608 F.2d 1175 (9th Cir.

21  1979), <u>cert. denied</u>, 444 U.S. 1034 (1980).

22          Mr. Blaine requests a pre-trial conference on the morning of trial in order to resolve any

23  issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404

24  and 609.

25
26  **C.**    <u>Mr. Blaine is Entitled to Examine the Evidence the Government Intends to Rely Upon at Trial</u>.

27          Rule 16(a)(1)(C) authorizes a defendant to inspect and copy or photograph all books,

28  papers, documents, photographs, and tangible objects which are in the possession, custody or

1  control of the government and which are material to the preparation of the defense or intended for
2  use by the government as evidence in it case during trial.

3      (1)  Specifically, Mr. Blaine requests the opportunity to inspect and photograph all
4  evidence seized from Mr. Blaine, all fingerprint analysis done on any of the evidence in this case,
5  all identification procedures utilized by the government agents; and that the alleged marijuana
6  seized in this case be preserved so that it may be inspected, as well as the containers in which it
7  was secreted, and not be destroyed by the government.

8      (2)  The defense requests all evidence seized as a result of any search, either warrantless or
9  with a warrant, in this case.  This is available under Fed. R. Crim. P. 16(a)(1)(C); and any books,
10  papers, documents, photographs, tangible objects, or copies or portions thereof which the
11  government intends to use as evidence-in-chief at trial;

12      (3)  Mr. Blaine requests all arrest reports, investigator's notes, memos from arresting
13  officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Blaine.
14  These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).
15  Mr. Blaine specifically requests that all dispatch tapes or any other audio or visual tape recordings
16  which exist and which relate in any way to his case and or his arrest be preserved and provided in
17  their entirety; and

18      (4)  Mr. Blaine requests all other documents and tangible objects, including clothing,
19  notes, books, papers, documents, photographs, and copies of any such items which were obtained
20  from or belong to Mr. Blaine.

21      (5)  The defense requests all photographs, video tapes or other material used to
22  memorialize the surveillance done in this case.

23
**D.**   Mr. Blaine is Entitled To All Evidence Tending To Affect The Credibility of The
24  Prosecution's Case.

25      Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97
26  (1976), and Giglio v. United States, 405 U.S. 150 (1972),  Mr. Blaine requests the Court to order
27  the government to immediately disclose all evidence in its possession favorable to Mr. Blaine on
28  the issue of guilt and which tends to affect the credibility of the prosecution's case.  This request

1  specifically includes any impeaching evidence such as the prior records, of any material witnesses

2  in this case.  This request also includes any expressed or implied promises made by the

3  government to any material witnesses in exchange for their testimony in this case.  See, e.g.,

4  United States v. Bagley, 473 U.S. 667 (1985); Napue v. Illinois, 360 U.S. 264 (1959); United

5  States v. Gerard, 491 F.2d 1300 (9th Cir. 1974).

6        The defense requests any and all evidence including but not limited to:

7        (1) any evidence that any prospective government witness is biased or prejudiced against

8  the defendant, or has a motive to falsify or distort his or her testimony.  Pennsylvania v. Ritchie,

9  480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir.), cert. denied, 489 U.S. 1032

10 (1988); United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir. 1992) (Ninth Circuit Court

11 reversed Judge Enright for failure to turn over the "Levine Memorandum" which contained

12 information critical about a government witness);

13       (2) any evidence that any prospective government witness has engaged in any criminal act

14 whether or not resulting in a conviction.  See Rule 608(b), Federal Rules of Evidence and Brady;

15 any evidence that any prospective witness is under investigation by federal, state or local

16 authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied,

17 474 U.S. 945 (1985);

18       (3) any evidence, including any medical or psychiatric report or evaluation, tending to

19 show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is

20 impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or

21 has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v.

22 North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

23       (4)  the name and last known address of each prospective government witness.  See United

24 States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir.

25 1983) (failure to interview government witnesses by counsel is ineffective); United States v.

26 Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

27       (5) the name and last known address of every witness to the crime or crimes charged (or

28 any of the overt acts committed in furtherance thereof) who will not be called as a government

1  witness.  <u>United States v. Cadet</u>, 727 F.2d, 1453 (9th Cir. 1984);

2          (6)  the name of any witness who made an arguably favorable statement concerning the

3  defendant or who could not identify him or who was unsure of his identity, or participation in the

4  crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>,

5  637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439

6  U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086

7  (1980).

8

9  **E.**     <u>Mr. Blaine is Entitled to Any Information That May Result in a Lower Sentence Under</u>
           <u>The Guidelines</u>.

10

11         This information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This

12  request includes any cooperation or attempted cooperation by the defendant, as well as any

13  information that could affect any base offense level or specific offense characteristic under

14  Chapter Two of the Guidelines.  Also included in this request is any information relevant to a

15  Chapter Three adjustment, a determination of the defendant's criminal history, or any other

16  application of the Guidelines;

17

18  **F.**     <u>The Defense Requests the Preservation of All Evidence</u>.

         The defendant specifically requests that all audio or video tapes such as dispatch tapes or

19

20  any other physical evidence that may be destroyed, lost, or otherwise put out of the possession,

21  custody, or care of the government and which relate to the arrest or the events leading to the arrest

22  in this case or in the other charges alleged in the indictment be preserved.  This request includes,

23  but is not limited to, any samples (including but not limited to blood, urine, fingerprints or

24  narcotics) used to run any scientific tests, any narcotics, and any evidence seized from any third

25  party.

26         It is requested that the government be ordered to <u>question</u> all the agencies and individuals

27  involved in the prosecution and investigation of this case to determine if such evidence exists, and

28  if it does exist to inform those parties to preserve any such evidence;

**G.**     The Defense Requests All Jencks Material.

The defense requests all material to which Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings, such as dispatch tapes, and all notes or reports with regard to his preparation for testifying.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act;

**H.**     Mr. Blaine requests all other information relevant to his defense.

The defendant requests disclosure of evidence including but not limited to the following:

(1) Any statement that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

(2) Notice and a Written Summary of Any Expert Testimony.

Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications."

Mr. Blaine specifically requests the government give him a written summary and notice of any expert testimony the government intends to introduce;

(3) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises express or implied made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses; and

1     (4) <u>Henthorn Search</u>.  The defense requests that the prosecutor or some other attorney

2 familiar with the case be ordered to examine the personnel files for evidence of perjurious conduct

3 or other like dishonesty, or any other material relevant to impeachment, or any information that is

4 exculpatory to Mr. Blaine and that material be provided to the defense.  <u>United States v.

5 Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir.

6 1992).

7     (5) Reports of Scientific Tests or Examinations

8     Pursuant to Fed. R. Crim. P. 16(D), Mr. Blaine requests the reports of all tests and

9 examinations conducted upon the evidence in this case, including but not limited to any

10 **fingerprint testing** done upon any evidence seized in this case;

11     (6) <u>Brady Material</u>

12     The defendant requests all documents, statements, agents' reports, and tangible evidence

13 favorable to the defendant on the issue of guilt and/or **which affects the credibility** of the

14 government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition

15 of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States

16 v. Agurs</u>, 427 U.S. 97 (1976);

17

18     (7)   <u>Personnel Records of Government Officers Involved in the Arrest</u>

19      The defendant requests all citizen complaints and other related internal affairs documents

20 involving any of the immigration officers or other law enforcement officers who were involved in

21 the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11

22 Cal.3d 531, 539 (1974).  Because of the sensitive nature of these documents, the government is

23 the only source for obtaining these documents.

24

25

26

27

28

**III.**

<u>**ANY STATEMENTS MADE BY MR. BLAINE**
**SHOULD BE SUPPRESSED**</u>

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of her freedom of action in any significant way. <u>Id.</u> <u>See</u> <u>Orozco v. Texas</u>, 394 U.S. 324, 327 (1969).

Once a person is in custody, <u>Miranda</u> warnings must be given prior to any interrogation. Mr. Blaine was arrested at the East Port of Entry at Calexico, California. It is undisputed by the parties that Mr. Blaine was in custody at that point in time. Therefore, he should have received his <u>Miranda</u> rights prior to any questioning not related to his biographical information. The discovery appears to contain statements made by Blaine prior to his being given his <u>Miranda</u> warnings, and these statements should be suppressed.

As to the statements made after the <u>Miranda</u> right had allegedly been given, a hearing must be held to determine if even those statements were voluntary. A waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily in order to be effective. <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218 (1973). The standard of proof for a waiver of this constitutional right is high. <u>Miranda</u>, 384 U.S. at 475. <u>See</u> <u>United States v. Heldt</u>, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background experience, and conduct of the accused. <u>Edwards v. Arizona</u>, 451 U.S. 477, 472 (1981) <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1938). <u>See also</u> <u>United States v. Heldt</u>, 745 F.2d at 1277; <u>United States v. McCrary</u>, 643 F.2d 323, 328-29 (5th Cir. 1981).

08-CR 1812-BEN

1   The government in the present case has the burden of proving that Mr. Blaine was read his

2   Miranda rights and intelligently and voluntarily waived those rights in all situations in which Mr.

3   Blaine reasonably believed that he was not free to leave.  See United States v. Estrada-Lucas, 651

4   F.2d 1261, 1265 (9th Cir. 1980).

5   Even when the procedural safeguards of Miranda have been satisfied, a defendant in a

6   criminal case is deprived of due process of law if his conviction is founded, in whole or in part,

7   upon an involuntary confession.  Jackson v. Denno, 378 U.S. 368, 387 (1964).  The government

8   bears the burden of proving that a confession is voluntary by a preponderance of the evidence.

9   Lego v. Twomey, 404 U.S. 477, 483 (1972).

10   A statement must be the product of a rational intellect and free will to be voluntary.

11   Blackburn v. Alabama, 361 U.S. 199, 208 (1960).  In determining whether a defendant's will was

12   overborne, the totality of the circumstances must be considered.  Schneckloth v. Bustamonte, 412

13   U.S. 218, 226 (1973).  A confession is deemed involuntary whether coerced by physical

14   intimidation of psychological pressure.  Townsend v. Sain, 372 U.S. 293, 307 (1963).  It must not

15   be extracted by any sort of threats of violence, nor obtained by any direct or implied promises,

16   however slight, nor by the exertion of any improper influence.  United States v. Tingle, 658 F.2d

17   1332, 1335 (9th Cir. 1981).

18   The government has stated that Mr. Blaine, waived his right to silence and counsel when

19   given the Miranda warnings shortly after midnight on the morning of April 26, 2008. The initial

20   discovery states that the defendant Blaine was stopped approximately 9:04 p.m., although he was

21   not given his Miranda warnings until 0:44 a.m. Mr. Blaine requests an evidentiary hearing due to

22   the fact that the burden rests with the government to show that any statements were voluntarily

23   extracted from Mr. Blaine.

24

25

26

27

28

**IV.**

**THE GOVERNMENT MUST GIVE NOTICE OF THE GENERAL NATURE OF ANY EVIDENCE IT WILL ATTEMPT TO OFFER UNDER FED. R. EVID. 404(b)**

Under the amendments to Fed. R. Evid. 404(b), which became effective December 1, 1991, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

**V.**

**MR. BLAINE SHOULD BE GIVEN ATTORNEY CONDUCTED VOIR DIRE**

Under Fed. R. Crim. P. Rule 24(a), "the court  may permit the defendant or the defendant's attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination . . . ."

This case involves the importation and distribution of marijuana from Mexico into the United States. It is the experience of counsel for Mr. Blaine that prospective jurors in the Southern District of California have often had strong reaction to individuals charged with narcotic offenses. Further, it is apparent from the media that importation of narcotics along the border is a very important national and local concern at this time.

**VI.**

**MR. BLAINE REQUESTS LEAVE TO FILE FURTHER MOTIONS**

At the time of preparation of these motions, Mr. Blaine and defense counsel has received some forty-eight (48) pages of discovery from the government. It is therefore requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

08-CR 1812-BEN

## <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that the court grant the above motions.

DATED: July 7, 2008                    Respectfully submitted,


S/ Casey Donovan
**CASEY DONOVAN**
Attorney for Defendant Blaine


blaine-m-dmn

1
2
3
4

DONOVAN & DONOVAN
Casey Donovan
Attorney at Law
The Senator Building
105 West F. Street - 4th floor                      U.S.D.C. No.08-CR-1812(BEN)
San Diego, CA 92101

5

DECLARATION OF SERVICE

6        I, undersigned, say: I am over 18 years of age, employed in the County of

7   San Diego, California, in which county the within mentioned delivery occurred,

8   and not a party to the subject cause. My business address is 105 West F. Street, San

9   Diego, California. I served the Defendant's Notice of Motion for Discovery,

10  Suppression of Statements,Voir Dire , and Memorandum of Points and Authorities,

11  of which a true and correct copy of the documents filed in this cause is affixed, by

12  electronic filing to:

13  Carlos Arguello, Assistant U.S. Attorney
    Office of the United States Attorney
14  880 Front Street, Room 6293
    San Diego, CA 92188

15

16       The electronic filing was done by me at San Diego, California, on July 7,

    2008.

17
        I declare under penalty of perjury that the foregoing is true and correct.

18
        Executed on July 7, 2008 at San Diego, California.

19
                                              s/ Casey Donovan

20

21                                    _____
                                      Casey Donovan

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

08-CR 1812-BEN